UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARMO E. SIMONCELOS,<br>    Plaintiff,<br><br>v.<br><br>M382 CONTRACTING, INC.<br>PRIDE PAINTING CONTRACTING, INC,<br>DREAM CONTRACTING, INC.<br>GREGORY A DOS SANTOS, MARCELO<br>G. DE CAMPOS, FABIANO CASSIMIRO<br>    Defendants | CIVIL ACTION NO:1:19-cv-1069. |

## COMPLAINT

Plaintiff, Carmo E. Simoncelos, by and through counsel, alleges as follows:

### PARTIES

1. Plaintiff Carmo E. Simoncelos (Plaintiff) is an adult resident of 05 Lawrence Street, Apt 8 Everett, Massachusetts.

2. Defendant Pride Painting Contracting, Inc. ("Pride Painting") is a domestic profit corporation with its principal office located at 353 Pawtucket Blvd. Unit 02, in Lowell, Massachusetts.

3. Pride Painting is an employer of Plaintiff for the purposes of the Fair Labor Standards Act ("FLSA") and the Massachusetts Minimum Fair Wage Law ("MMFWL"). *See* 29 U.S.C. § 203 (d); G.L. c. 151.

4. Defendant Gregory A Dos Santos (Mr. Dos Santos) is the President and sole director of Prime Painting.

5. Mr. Dos Santos is Plaintiff's employer within the meaning of the FLSA and the MMFWL. *See* 29 U.S.C. § 203 (d); G.L. c. 151.

6. Defendant Dream Contracting, Inc. ("Dream Contracting") is a domestic profit corporation with its principal office located at 101 Augustus St., in Revere, Massachusetts.

7. Dream Contracting is an employer of Plaintiff for the purposes of the Fair Labor Standards Act ("FLSA") and the Massachusetts Minimum Fair Wage Law ("MMFWL"). *See* 29 U.S.C. § 203 (d); G.L. c. 151.

8. Defendant Fabiano Cassimiro (Mr. Cassimiro) is the President and sole director of Dream Contracting, Inc.

9. Mr. Cassimiro is an employer of Plaintiff for the purposes of the FLSA and the MMFWL. *See* 29 U.S.C. §203(d); G.L. c. 151.

10. Upon information and belief, Mr. Cassimiro is a resident of Revere Massachusetts

11. Upon information and belief, Mr. Dos Santos is a resident of Lowell, Massachusetts.

12. Defendant M382 Contracting Inc. ("M382 Contracting") is a foreign profit corporation with its principal office located at 1 Industrial Park Dr. Unit 1, in Pelham, New Hampshire.

13. M382 Contracting is an employer of Plaintiff for the purposes of the FLSA and the MMFWL. *See* 29 U.S.C. § 203 (d); G.L. c. 151.

14. Defendant Marcelo G De Campos (Mr. De Campos) is the President and sole director of M382 Contracting.

15. Upon information and belief Defendant Mr. De Campos is a resident of New Hampshire.

16. Mr. De Campos was Plaintiff's employer within the meaning of the FLSA and the MMFWL. *See* 29 U.S.C. § 203 (d); *See* 29 U.S.C. § 203 (d); G.L. c. 151.

17. Plaintiff is and has been employed by the Defendants to work as a Painter in Massachusetts.

## JURISDCTION AND VENUE

18. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S. Code §1331.

19. Defendants have violated the Fair Labor Standards Act (FLSA) by failing to properly pay Plaintiff overtime wages for all hours worked for the Defendants in excess of forty (40) hours per a week.

20. This Court has personal jurisdiction over Pride Painting because it operates as a Domestic Profit Corporation organized under the laws of the Commonwealth; employed Plaintiff to

work as its agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

21. This Court has personal jurisdiction over Dream Contracting because it operates as a Domestic Profit Corporation organized under the laws of the Commonwealth; employed Plaintiff to work as its agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

22. This Court has personal jurisdiction over Mr. Cassimiro because he is a resident of the Commonwealth; is the president and sole director of Dream Contracting, employed Plaintiff to work as his agent in the Commonwealth; and because his acts and omissions giving rise to this Complaint occurred in the Commonwealth.

23. This Court has personal jurisdiction over Mr. Dos Santos because he is a resident of the Commonwealth; employed Plaintiff to work as his agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

24. This Court has personal jurisdiction over M382 Contracting because it operates as a Foreign Profit Corporation within the Commonwealth; employed Plaintiff to work as its agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

25. This Court has personal jurisdiction over Mr. De Campos because he is a resident of the Commonwealth; employed Plaintiff to work as his agent in the Commonwealth; and because the acts and omissions giving rise to this Complaint occurred in the Commonwealth.

26. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §1391(b)(c) as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### FACTUAL ALLEGATIONS

27. Plaintiff began working as a painter for the Defendants in Massachusetts at some point in 2015.

28. Plaintiff's regular rate of pay was $15.00 an hour for the hours that he worked during the years 2015 and 2016.

29. Plaintiff's regular rate of pay was increased to $17.00 an hour for the hours that he worked during 2017, 2018 and 2019.

30. Plaintiff's regular rate of pay as of this date is $17.00 an hour.

31. Upon information and belief, the Defendants generate in excess of $500,000 a year in annual revenue.

32. Upon information and belief, Plaintiff handled or worked on goods or materials that have been moved in or produced for interstate commerce while working for Defendants.

33. M382 Contracting is in the business of installing drywall and providing both painting and cleaning services.

34. Pride Painting is also in the business of providing commercial and residential painting Services.

35. Dream Contracting is also in the business of providing painting services.

36. Plaintiff also received payment from an entity known as "Silva Painting," but has been unable to obtain corporate information about that specific entity.

37. Throughout the entirety of his employment, Plaintiff has worked as painter for the Defendants.

38. Throughout the entirety of his employment, Plaintiff has performed most of his work in Massachusetts, but has also provided services in Connecticut.

39. Upon information and belief, despite the existence of three corporate entities, M382 Contracting, Dream Contracting, Pride Painting, and a corporation referred to as "Silva Painting" employ, supervise, and for all relevant purposes, act as a single employer.

40. Mr. Dos Santos, the owner of Pride Painting, is Mr. De Campos's son.

41. While working for the Defendants, Plaintiff was never told that his services were being split between multiple companies.

42. Plaintiff has been employed as a painter for the Defendants for approximately four (4) years.

43. Throughout the entirety of his employment with the Defendants, Plaintiff has been classified as a non-exempt employee and paid on an hourly basis to provide painting services.

44. Plaintiff did not sign an offer letter or any other employment contract when he began his employment with the Defendants.

45. From the beginning of his employment in 2015 until on or about October 2018 (the "Relevant Time Period"), Plaintiff regularly worked in excess of forty (40) hours a week.

46. In October of 2018, the Defendants, and specifically Dream Contracting, paid Plaintiff at a rate of one and one-half times his regular rate of pay for all twenty-one (21) hours of overtime that he worked during the October 6, 2018 to October 19, 2018 pay period (the "First Compliant Pay Period").

47. Since the First Compliant Pay Period, Plaintiff has not worked more than forty (40) hours per a week and therefore has not been entitled to overtime pay.

48. During the Relevant Time Period, Plaintiff worked an average of twelve (12) hours a day for a total of sixty (60) to sixty-eight (68) hours per a week for the Defendants.

49. During the Relevant Time Period and to date, Plaintiff was and continues to be paid on a bi-weekly basis.

50. During the Relevant Time Period, Plaintiff was paid at his regular rate of pay by one of the named Defendants for all hours worked up to forty (40) hours per a week and then would be issued paystubs by that same named Defendant for that work.

51. During the Relevant Time Period with Defendants, Plaintiff was never paid for more than eighty (80) hours of work in a two (2) week period by any one of the entities that employed and paid Plaintiff for his labor.

52. During the Relevant Time Period, when Plaintiff worked in excess of forty (40) hours per a week, Plaintiff would still be paid his regular rate of pay for those hours, but the paycheck for all of his hours worked in excess of forty (40) were issued at his regular rate of pay by one of the other corporate entities owned, operated, and controlled by Mr. De Campos, Mr. Dos Santos, or Mr. Cassimiro.

53. Upon information and belief, the practice of using multiple entities to pay Plaintiff his regular rate of pay for all of the hours that he worked in excess of 40 (40) per a week, was done in an effort create a false paper trail and avoid paying Plaintiff overtime rate of pay that he was entitled to.

54. Upon information and belief, Mr. De Campos similarly controls the operations of the entity known as "Silva Painting."

55. Mr. De Campos controls, directs, and participates to a substantial degree in formulating and determining policy for M382.

56. Upon information and belief, Mr. De Campos controls, directs, and participates to a substantial degree in formulating and determining policy for Pride Painting.

57. Upon information and belief, Mr. De Campos controls, directs, and participates to a substantial degree in formulating and determining policy for Dream Contracting.

58. Upon information and belief, Mr. De Campos controls, directs, and participates to a substantial degree in formulating and determining policy for Silva Painting.

59. During the Relevant Time Period, Plaintiff was never paid at a rate of one and one half times his regular rate of pay for any of the hours that he worked in excess of forty (40) during a given work week.

60. Defendants' use of several corporate entities to mask Plaintiff's overtime hours and their efforts to create a false paper trail, evidences a willful violation of state and federal overtime laws.

61. At some point during 2018, Plaintiff realized that he was not being compensated appropriately for his overtime pay.

62. Plaintiff remains employed by the Defendants and in fear of losing his job for trying to enforce his rights under State and Federal Law.

### COUNT ONE
**Non-Payment of Overtime Wages in Violation M.G.L. c. 151, §§1A, 1B**
**(All Defendants)**

63. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

64. Under the overtime provisions of the Massachusetts Minimum Fair Wage Law (MMFWL), no employer in the Commonwealth shall employ any employee for a work week longer than forty hours, unless such employee received compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

65. At all relevant times, Plaintiff is and remains, as a matter of law, an employee of the Defendants.

66. At all relevant times, Plaintiff has not been and is not exempt from the overtime provisions of the MMFWL.

67. By their failure to pay Plaintiff overtime compensation for all hours worked over forty per week, Defendants have violated G.L. c. 151, §1A, and caused Plaintiff harm.

## COUNT TWO
### Violation of Overtime Provisions of the FLSA 29 U.S.C. §207
### (All Defendants)

68. Plaintiff re-alleges and reasserts the allegations in all of the preceding paragraphs as if fully set forth herein.

69. Upon information and belief, the Defendants generate in excess of $500,000 a year in annual revenue.

70. Upon information and belief, Plaintiff handled or worked on goods or materials that have been moved in or produced for interstate commerce while working for Defendants in both Massachusetts and Connecticut.

71. Under federal law, no employer shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of

the hours above specified at a rate not less than one-half times the regular rate at which he is employed.

72. At all relevant times, Plaintiff has been and remains, as a matter of law, an employee of the Defendants

73. At all relevant times, Plaintiff has not been and is not exempt from the overtime provisions of the FLSA.

74. By their failure to pay Plaintiff's overtime compensation for all hours worked in excess of forty per week, Defendants have violated 29 U.S.C. §207, and caused Plaintiff harm.

75. Upon information and belief, Defendants' failure to pay Plaintiff overtime compensation was willful.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff claims:

1. Statutory treble damages for three years of unpaid overtime wages stemming from Defendants' failure to pay Plaintiff the statutorily mandated overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty (40);

2. Punitive damages for Defendants willful violation of state and federal overtime provisions;

3. Enter judgment on behalf of Plaintiff on all counts;

4. Statutory interest at the rate of twelve percent (12%);

5. Mandatory and reasonable attorney's fees and costs; and

6. Such other legal or equitable relief as the Court may award.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

                                                  Respectfully submitted,
                                                  Carmo E. Simoncelos
                                                  By his attorneys:

                                                  _____
                                                  Emily E. Smith Lee (BBO #634223)
                                                  esmithlee@slnlaw.com
                                                  Jacob J. Thaler (BBO #698852)
                                                  jthaler@slnlaw.com
                                                  SLNLAW, LLC
                                                  46 South Main St.
                                                  Sharon, MA 02067
                                                  Tel: 781-784-2322
                                                  Fax: 781-328-1772

Dated: April 11, 2019